UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :

   - v. -                                                          :          12 Cr. 618 (JFK)

FNU LNU                                                       :
   a/k/a "Anthony Ray Hardy"
                                                                     :
                        Defendant.
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Edward B. Diskant
Assistant United States Attorney
   - Of Counsel –



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2013

<u>BY ECF</u>

The Honorable John F. Keenan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:  <u>United States</u> v. <u>FNU LNU a/k/a "Anthony Ray Hardy"</u>, 12 Cr. 618 (JFK)

Dear Judge Keenan:

The Government respectfully submits the following memorandum in connection with the sentencing of FNU LNU a/k/a/ "Anthony Ray Hardy" (the "defendant"), which is scheduled for March 25, 2013 at 2:30 p.m.  For the reasons that follow, the Government submits that a sentence within the advisory Stipulated Guidelines Range of 30 to 36 months' imprisonment[1] would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

<u>Background</u>

The defendant was charged on August 14, 2012, in Indictment 12 Cr. 618 (JFK) with one count of passport fraud in violation of Title 18, United States Code, Section 1542, and one count of aggravated identity theft in violation of Title 18, United States Code, Section 1028A. While these charges stem principally from the defendant's fraudulent November 9, 2010 application for a U.S. Passport under the assumed identity "Anthony Ray Hardy," the investigation has revealed that the defendant has used that assumed identity—which in truth belongs to a real person named Anthony Ray Hardy who lives in Texas—for well over two decades.  (Pre-Sentence Report dated March 14, 2013 ("PSR") ¶¶ 1-3, 9-10.)

The defendant was arrested on these charges in August 2012 and has been detained since. On December 18, 2012, the defendant entered a plea of guilty to both counts of the Indictment before Your Honor pursuant to an agreement with the Government.  As part of that agreement,

---

[1]   As detailed further below, due to a typographical error, the parties' plea agreement erroneously refers to a Stipulated Guidelines Range of 30 to 42 months.

the parties stipulated to an offense level of 6 with respect to Count One, a mandatory two-year term of incarceration on Count Two, to run consecutive to any term imposed on any other count, a Criminal History Category IV, and a guidelines range of 30 to 42 months' imprisonment. (*Id.* ¶ 5.)

## Guidelines Range

As noted above, the parties' plea agreement contains a Stipulated Guidelines Range of 30 to 42 months' imprisonment.  Since that agreement was drafted, reviewed, and entered into, however, the Government has identified two, independent errors both of which affect that Guidelines range:

*First*, because the defendant's Guidelines' range on Count One is 6 to 12 months, to be followed by a mandatory 24 month term which must run consecutive to any term imposed on Count One, his Stipulated Guidelines Range should total 30 to 36 months' imprisonment, rather than the 30 to 42 months inaccurately contained in the parties' plea agreement.

*Second*, as detailed extensively in the PSR, the parties' plea agreement fails to account for approximately 15 additional Criminal History points the defendant has accrued, points which are sufficient to move the defendant from Criminal History Category IV (as reflected in the plea agreement) to Criminal History Category VI.  (*Id.* ¶¶ 42-71.)   As the PSR further notes, once in Criminal History Category VI, the defendant's properly calculated Guidelines' range jumps to 36 to 42 months' imprisonment.  Defense counsel does not appear to dispute the accuracy of that Guidelines' range, and, based on the information contained in the PSR, the Government also agrees that the PSR's calculations are accurate.

Notwithstanding these errors, the Government intends to honor the terms of its plea agreement with the defendant and therefore views the "Stipulated Guidelines Range" to which it is bound as 30 to 36 months' imprisonment.  However, the defendant's contention—that "the Government's willingness to enter into an agreement providing for a lower possible sentence [than that provided for in the PSR] supports [the defense] argument for imposing a lower term" (Ltr. of Andrew J. Ceresney dated Mar. 20, 2013 ("Def. Submission") at 4 n.1)—is simply untrue.  The Guidelines' range contained in the plea agreement—which both parties now agree is not accurate—reflects nothing more than a series of unintentional mistakes that were not caught by the Government or defense counsel in a timely fashion.

## Applicable Law

The Guidelines still provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005), although they are no longer mandatory.  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).  As the Second Circuit has noted, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice."  *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

3

After making the initial Guidelines calculation, a sentencing judge must then consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7). *See Gall*, 128 S. Ct. at 596 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to  promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  To the extent District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Cavera*, 550 F.3d at 189 (quoting *Gall*, 128 S. Ct. at 596).

## Discussion

In light of the nature of the instant offense as well as the history and characteristics of this defendant, the Government respectfully submits that a sentence within the advisory, Stipulated Guidelines Range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.  As set forth more fully below, the defendant has lived a largely lawless life under an assumed identity, bouncing in and out of the criminal justice system and continuing to engage in serious criminal conduct despite repeated sentences of incarceration.  A substantial sentence is thus appropriate to provide adequate deterrence to this defendant and to protect the public from further crimes of the defendant.

Indeed, application of the Section 3553(a) factors in this case militate forcefully in favor of a sentence within the advisory, Stipulated Guidelines Range:

*First*, a substantial sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A).  As correctly noted by Probation in the PSR, the offense conduct here extends well beyond merely submitting a fraudulent application for a U.S. Passport or making use of another's identity.  For over twenty years, the defendant has lived under this assumed identity, accruing numerous

convictions potentially attributable to the real Anthony Ray Hardy; fraudulently applying for and obtaining Medicaid and unemployment benefits to which he was not entitled; and ultimately fraudulently seeking a U.S. Passport under the name, date of birth, and social security number of his victim.

The suggestion by defense counsel, that the crime is largely victimless because "the victim has been incarcerated for all but six months of the past two decades" (Def. Submission at 2), not only completely overlooks the long-standing and potentially permanent reputational damage this defendant has inflicted in the process of accruing 22 Criminal History Points under the victim's name, but also ignores the more than $100,000 the United States and local governments have paid out to the defendant, who, as defense counsel is well aware, has repeatedly and fraudulently applied for various benefits under the victim's name.

Moreover, in considering the need to impose the sort of sentence necessary to promote respect for the law, it is telling that *to this day*, and despite allocating to the instant offense, the defendant continues to pretend that he is the Anthony Ray Hardy born in Houston, Texas to parents listed on a birth certificate he has now admitted is not his.  Similarly, he has steadfastly refused to comply with any and all law enforcement efforts to identify his true identity.[2]

*Second*, a substantial sentence is necessary to afford adequate deterrence and to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2)(B)-(C).  As detailed in both the parties' plea agreement and the PSR, the defendant has accrued twenty convictions in the past twenty-five years, including a number of serious felony convictions for which the defendant has previously received substantial terms of incarceration.  (PSR ¶¶ 41-92.)  None of these prior convictions or terms of incarceration—terms which have been as long as 54 months' imprisonment—has had the effect of rendering the defendant a law-abiding citizen or dissuading him from further criminal conduct.  A substantial sentence is thus both necessary and appropriate to provide sufficient deterrence and to protect the public from further crimes of this defendant.

---

[2]   It bears mention, in this respect, that the defendant's continued use of the assumed identity, even after his plea of guilty, would provide this Court with a basis for denying the defendant the two-level adjustment for acceptance of responsibility otherwise available pursuant to U.S.S.G. § 3E1.1.  *See* U.S.S.G. § 3E1.1 app. n. 1(B) (listing, as among the "appropriate considerations" for determining whether an acceptance of responsibility adjustment is appropriate, the defendant's "voluntary termination or withdrawal from criminal conduct"); *cf. id.* app. n. 3 (noting that "a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right" and that entry of a guilty plea, while generally "significant evidence of acceptance of responsibility . . . . may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility").   Here, denial of the two-level adjustment would result in an offense level of 8, and, in Criminal History Category IV, a corresponding Guidelines' Range of 32-38 months' incarceration.  In Criminal History Category VI, as calculated by Probation, the non-adjusted offense level would result in a Guidelines' range of 39 to 45 months' incarceration.

In sum, the Government respectfully submits that a sentence within the advisory Stipulated Guidelines range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing

Respectfully submitted,

PREET BHARARA
United States Attorney


By:      /s/
Edward B. Diskant
Assistant United States Attorney
(212) 637-2294


Cc:    Andrew J. Ceresney, Esq. (via electronic mail)
       John Nichols, Esq. (via electronic mail)